FILED
JUN 29 2006
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
ALL DIVISIONS

In Re: FORFEITURE OF COLLATERAL IN
LIEU OF APPEARANCE IN CERTAIN PETTY
AND MINOR OFFENSE CASES

CR MISC NO. 198

## ORDER

Upon consideration of the Motion to Amend this Court's standing order for Schedule of Forfeiture of Collateral in Lieu of Appearance for certain petty offenses originating in the Middle District of Alabama, by adding the attached "Fort Rucker Motor Vehicle Regulation, Chapter Three (Fort Rucker Traffic Code)" and setting the collateral amount for violations of said chapter, that are not otherwise punishable by law, at the amount of thirty dollars ($30.00), heretofore filed, and for good cause shown, the Court is of the opinion that the motion should be and the same hereby granted. It is therefore, CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that said motion be and the same is hereby granted. The attached "Fort Rucker Motor Vehicle Regulation, Chapter Three (Fort Rucker Traffic Code)" shall be added to the standing order for Schedule of Forfeiture of Collateral in Lieu of Appearance for certain petty offenses originating in the Middle District of Alabama, and the collateral amount for violations of said chapter, that are not otherwise punishable by law, shall be set at the amount of thirty dollars ($30.00),

DONE, this <u>29th</u> day of <u>  June  </u>, 2006.

_____
MARK E. FULLER
CHIEF UNITED STATES
DISTRICT COURT JUDGE


_____
MYRON H. JOHNSON
UNITED STATES
DISTRICT COURT JUDGE


_____
W. KEITH WATKINS
UNITED STATES
DISTRICT COURT JUDGE

Fort Rucker Reg 190-5

DEPARTMENT OF THE ARMY
U.S. ARMY GARRISON, FORT RUCKER
FORT RUCKER, ALABAMA 36362-5105

Fort Rucker Regulation
No. 190-5

15 May 2006

**Military Police**
## FORT RUCKER MOTOR VEHICLE REGULATION

|  | Paragraph | Page |
|---|---|---|
| **CHAPTER 1. GENERAL** | | |
| Purpose | 1-1 | 3 |
| Scope | 1-2 | 3 |
| Staff Responsibilities | 1-3 | 3 |
| U.S. Magistrate System | 1-4 | 3 |
| Vehicle Registration | 1-5 | 4 |
| **CHAPTER 2. DRIVING PRIVILEGES** | | |
| Requirements for Driving Privileges | 2-1 | 6 |
| Commercial Driver's License | 2-2 | 6 |
| Implied Consent to Blood, Breath, or Urine Tests | 2-3 | 7 |
| Implied Consent to Impoundment | 2-4 | 7 |
| Traffic Point System | 2-5 | 7 |
| Suspension or Revocation of Fort Rucker Driving Privileges | 2-6 | 7 |
| Administration Due Process for Suspensions and Revocations | 2-7 | 9 |
| Army Driver Improvement Program | 2-8 | 10 |
| Fort Rucker Army Substance Abuse Program (ASAP) | 2-9 | 10 |
| Restoration of Fort Rucker Driving Privileges on Acquittal | 2-10 | 11 |
| Restricted Driving Privileges | 2-11 | 11 |
| **CHAPTER 3. FORT RUCKER TRAFFIC CODE** | | |
| Purpose | 3-1 | 13 |
| Obedience to Vehicle Regulation, Law Enforcement Personnel, and Traffic Control Devices | 3-2 | 13 |
| Display of Signs, Signals, or Markings | 3-3 | 13 |
| Interference with Official Traffic Control Devices | 3-4 | 13 |
| Standard Speed Laws | 3-5 | 14 |
| Maximum Speed | 3-6 | 14 |
| Minimum Speed | 3-7 | 14 |
| Passing of Troop Formations | 3-8 | 14 |
| Parking Restrictions | 3-9 | 14 |
| Placement of Signs Prohibiting Parking | 3-10 | 14 |
| Reserved Parking Spaces | 3-11 | 14 |
| Alcohol, Drugs, and Other Prohibited Driving Practices | 3-12 | 14 |
| Careless Driving | 3-13 | 15 |

---
*This regulation supersedes USAAVNC Reg 190-5, 26 Feb 04.


GOVERNMENT EXHIBIT 1

|  | Paragraph | Page |
|---|---|---|
| Obstruction to Driver's Vision, Hearing, or the Driving Mechanism.............. | 3-14 | 15 |
| Use of Restraint Systems........................................................... | 3-15 | 17 |
| Pedestrian's Obedience to Traffic Control Devices and Traffic Regulations | 3-16 | 17 |
| Crosswalks.................................................................................. | 3-17 | 18 |
| Solicitation of Rides (Hitchhiking)................................................ | 3-18 | 18 |
| Accident Reporting..................................................................... | 3-19 | 18 |
| Accident Involving Death or Personal Injury ................................. | 3-20 | 18 |
| Accident Involving Damage to Vehicle or Property......................... | 3-21 | 19 |
| Duty Upon Striking Unattended Vehicle or Property ....................... | 3-22 | 19 |
| Penalty for Giving False Information............................................. | 3-23 | 19 |
| Bicycles/Non-Motorized Scooters/Skateboards/Roller Blades......... | 3-24 | 19 |
| Motorcycle Operations................................................................ | 3-25 | 20 |
| Recreational and Off-Road Vehicles............................................. | 3-26 | 22 |
| Required Equipment for Vehicle Operation .................................. | 3-27 | 22 |
| Vehicles in Unsafe Condition ...................................................... | 3-28 | 22 |
| Inspection of Vehicles ................................................................. | 3-29 | 22 |
| Display of State License Plates ................................................... | 3-30 | 22 |
| Playing of Audio Devices (Radio, Cassette, Tape Player)............... | 3-31 | 23 |
| Transport of Privately Owned Firearms in a POV.......................... | 3-32 | 23 |

4. POINT ASSESSMENTS, DELETIONS, AND SUSPENSIONS
| Applicability............................................................................... | 4-1 | 24 |
| General....................................................................................... | 4-2 | 24 |
| Disposition of Points Assessed..................................................... | 4-3 | 24 |
| Removal of Entries...................................................................... | 4-4 | 24 |
| Table 4-1..................................................................................... |  | 25 |
| Table 4-2 ..................................................................................... |  | 25 |

5. IMPOUNDMENT OF VEHICLES
| Vehicle Impoundment.................................................................. | 5-1 | 26 |
| Provost Marshal's Authorization to Remove Vehicles..................... | 5-2 | 26 |
| Towing/Impounding of Vehicles Under Emergency Conditions...... | 5-3 | 26 |
| Towing/Impounding of Abandoned/Suspected Abandoned Vehicles | 5-4 | 26 |
| Impoundment of a Vehicle for Evidence....................................... | 5-5 | 27 |

APPENDIX A. CROSSWALK POLICY.................................................. 28
B. RESERVED PARKING SPACES........................................ 29
C. STREETS AND AVENUES OFF-LIMITS TO JOGGERS AND FORMATIONS................................... 31
D FORT RUCKER MOTORCYCLE HELMET SAFETY STANDARDS ................................................................ 32

# CHAPTER 3

# FORT RUCKER TRAFFIC CODE

3-1. **PURPOSE.** This chapter provides specific rules of conduct when driving on Fort Rucker. Personnel subject to the regulation will adhere to these rules of the road. In accordance with the guidance contained in AR 190-5, Fort Rucker has adopted the Alabama Motor Vehicle Code (Title 32, Alabama Code) as its primary traffic code. This chapter expands on those laws and provides guidance concerning matters of Army safety and Fort Rucker and Army directives relating to traffic matters.

3-2. **OBEDIENCE TO VEHICLE REGULATION, LAW ENFORCEMENT PERSONNEL, AND TRAFFIC CONTROL DEVICES.** The provisions of this regulation relate to the operation of vehicles, motorcycles, motor-driven cycles, bicycles, and pedestrians on Fort Rucker, except where an exception is made in a given section.

   a. Required Obedience to Traffic Laws. No person shall perform any act forbidden or fail to perform any act required by this regulation or Title 32, Alabama Code. The provisions of this regulation, as well as Title 32, Alabama Code, apply to all areas of Fort Rucker, exempting none.

   b. Obedience to Enforcement Personnel. No person shall willfully fail or refuse to comply with any lawful order, or direction of any enforcement personnel invested by the provisions of this or other applicable regulations, with authority to direct, control, or regulate traffic. Any signal or direction given by law enforcement personnel contrary to any traffic control device shall have precedence over such traffic control device and shall be obeyed.

3-3. **DISPLAY OF SIGNS, SIGNALS, OR MARKINGS.**

   a. No person shall place, maintain, or display on or in view of any roadway or parking lot on Fort Rucker, any unauthorized sign, signal, or marking device which purports to be, is an imitation of, or resembles an official traffic control device. Placement of approved signs by the DPW will be coordinated with the Provost Marshal Office.

   b. Unauthorized signs, signals, or markings are prohibited and a public nuisance. The DPW and the Provost Marshal Office are authorized to remove or cause to be removed, these signs, signals, or markings without notice. All planning, design, and erection of signs, signals, pavement markings, and other traffic control devices should be based upon traffic engineering studies and are the responsibility of DPW.

   c. All signs displayed on Fort Rucker will be IAW the guidance set forth in the Uniform Vehicle Code, Model Traffic Ordinance, or the Manual for Uniform Traffic Control Devices. The DPW is responsible for the purchase, installation, maintenance, and repair of all traffic signs, signals, and pavement markings, except for those associated with new construction.

   d. All crosswalks on Fort Rucker will be IAW the guidance set forth in appendix A.

3-4. **INTERFERENCE WITH OFFICIAL TRAFFIC CONTROL DEVICES.**

   a. No person shall without lawful authority, attempt to, or in fact alter, damage, knock down, or remove any official traffic control device; any sign or signal; any inscription, shield, or insignia thereon; or any part thereof. All requests for placement or removal of traffic control devices will be submitted through the Provost Marshal Office to the DPW on a DA Form 4283 (Facilities Engineering Work Request).

   b. The use of radar or laser detection devices to indicate the presence of speed recording instruments or to transmit simulated erroneous speeds is prohibited on Fort Rucker or any other DoD installation and such

devices shall not be sold in DoD-controlled sales outlets IAW DoDI 6055.4 (DoD Traffic Safety Program).

3-5. **STANDARD SPEED LAWS.** Title 32, Alabama Code, governs standard speed laws on Fort Rucker. Other guidance under this chapter is local policy; however, provisions under the Alabama Code allow for prosecution of violations of such speed limits.

3-6. **MAXIMUM SPEED.** No person shall operate a vehicle on Fort Rucker in excess of 30 miles per hour unless there is a posted speed sign indicating a different maximum speed for the given area of roadway. No person shall operate a vehicle in any parking lot on Fort Rucker in excess of 10 miles per hour. All personnel operating a vehicle are to maintain their vehicles at safe operating speeds giving due consideration for traffic, visibility, weather, and other conditions present, regardless of the posted speed limit. The posted speed limit is the maximum speed allowed by law under absolute optimum conditions.

3-7. **MINIMUM SPEED.** No person shall operate a vehicle on Fort Rucker at such a slow speed so as to impede the flow of traffic or create a traffic hazard. Any vehicle operating at such a slow speed shall immediately pull to the right of the roadway and allow any backup traffic to pass without delay.

3-8. **PASSING OF TROOP FORMATIONS.** Vehicles approaching from the rear are prohibited from passing any troop formations. Vehicles approaching the formation from the front will utilize caution when passing and not exceed 10 miles per hour.

3-9. **PARKING RESTRICTIONS.** Parking restrictions on Fort Rucker are as stated in appendix B. Further restrictions under local policy are as follows:

   a. No vehicle shall stop, stand, or park on any seeded, grassed area on Fort Rucker. This restriction does not apply to unimproved areas such as training and wooded areas or the Equestrian Center area.

   b. No vehicle shall stop, stand, or park in any place identified by a painted yellow line or curb. No vehicle shall stop, stand, or park in any place marked with the words "NO PARKING".

   c. Exceptions are allowed for emergency vehicles during an actual emergency and maintenance or service vehicles parking in areas explained in paragraphs 3-9a and 3-9b as required to perform emergency response and maintenance or repair activities.

3-10. **PLACEMENT OF SIGNS PROHIBITING PARKING.** The Provost Marshal Office will investigate and approve the placement of signs that prohibit parking. The Provost Marshal Office will submit a DA Form 4283 to the DPW requesting the placement of a sign that prohibits the stopping, standing, or parking of vehicles on any roadway or location that would unduly interfere with the free movement of traffic. Such signs shall be official signs, and no person shall stop, stand, or park any vehicle in violation of the restrictions stated on such signs.

3-11. **RESERVED PARKING SPACES.**

   a. Reserved parking spaces will be regulated IAW appendix B. Persons not authorized a reserved parking space will not park in a reserved parking space or established reserved parking area.

   b. Reserved parking signs or markings installed in contravention of this regulation will be removed by the Provost Marshal Office or the DPW.

3-12. **ALCOHOL, DRUGS, AND OTHER PROHIBITED DRIVING PRACTICES.** Intoxicated or drug influenced driving is incompatible with the maintenance of high standards of performance, military discipline, and readiness and is a serious threat to the health and welfare of the Army community. The command will ensure that intoxicated drivers are removed from the roads as quickly as possible, and that appropriate sanctions are expeditiously applied.

    a.  Driving Under the Influence of Intoxicating Liquor.

    (1) No person shall operate any vehicle on Fort Rucker in excess of the enacted State of Alabama limitations on BAC.

    (2) The amount of alcohol in a person's blood at the time of apprehension will be determined by chemical tests as explained in paragraph 2-9b, and shall give rise to the presumptions set forth in AR 190-5, paragraph 2-5a(3)(b).

    b. Driving Under the Influence of Drugs. No person shall operate a motor vehicle on Fort Rucker while under the influence of any illegal narcotic drug or under the influence of any other illegal drug to a degree rendering him incapable of safely driving a vehicle. The fact that any person who violates this section is or has been entitled to use such drugs under the laws of any state, shall not constitute a defense.

    c. Possession of Alcoholic Beverages. It is prohibited to have open containers of alcoholic beverages, or to consume alcoholic beverages in or on any moving vehicle, motorcycle, or bicycle.

**3-13. CARELESS DRIVING.** Any person who operates a vehicle on Fort Rucker will do so in a careful and cautious manner. The driver will show proper regard for the width, grade, curves, corners, traffic, and all other attendant circumstances of the road so as not to endanger the life, limb, or property of any person. Failure to drive in such a manner shall constitute "careless driving" and may lead to the apprehension/detention of the driver.

**3-14. OBSTRUCTION TO DRIVER'S VISION, HEARING, OR THE DRIVING MECHANISM.**

    a. No person shall drive a vehicle when there are more than three persons in the front seat, more than two persons when the physical capacity is only two, when it is loaded so as to obstruct the view of the driver to the front, the rear, or the sides of the vehicle; or interfere with the driver's control of the vehicle.

    b. No passenger in a vehicle shall ride in such a position as to interfere with the driver's view to the front, the rear, or to the sides, or to interfere with the driver's control over the driving mechanism of the vehicle.

    c. No person shall drive a motor vehicle when the view ahead, to the sides, or behind is obstructed by dirt, mud, stickers, or any other articles or elements that restrict the visibility to such a degree as to create a hazard.

    d. No person shall monitor any type of visual display; such as a television or any other device that broadcasts a still or moving image while operating a motor vehicle.

    e. Mobile Personal Electronic Devices (MPED). Use of cellular or mobile phones, personal data assistants, global positioning devices, or video game players and similar devices can distract their user and reduce the user's situational awareness, if used while driving. These devices can impair driving and masks or prevents recognition of emergency signals, alarms, announcements, the approach of vehicles, and human speech.

    (1) Definitions –

    (a) MPED. A MPED is defined as an electronic device such as a cellular phone; a personal data assistant; a device that performs personal computer functions; sends or receives electronic mail; play a video game; plays a digital video disk; or any other electronic device that permits the user to freely view, talk on, or transmit data while operating a vehicle. A MPED would include devices such as a Blackberry or similar brand or type devices.

15

(b) Hands-free MPED. A mobile personal electronic device that has an internal feature or function, or is equipped with an attachment or addition by which the user may use the device without the use of either hand, even if either hand is necessary to activate, deactivate, or initiate a function of such device including dialing phone numbers. Other than the headset for hands-free cell phone use, this definition specifically does not include headphones, earphones or other listening devices that are prohibited for use on DoD installations while driving.

(2) Prohibition on cell phones or MPEDs. In accordance with Code of Federal Regulation Part 634.25(c) (3), Driver Distractions, and Army Regulation 190-5 "Vehicle operators on a DoD installations and operators of Government owned vehicles shall not use cell phones unless the vehicle is safely parked or the operator is using a hands-free device. The wearing of any other portable headphones, earphones, or other listening devices (except for hand-free cellular phones) while operating a motor vehicle are prohibited". Furthermore, vehicle operators on Fort Rucker and operators of Government owned vehicles are prohibited from using any MPED unless the vehicle is safely parked or the operator is using a hands-free device. These prohibitions shall apply to all personnel while operating a vehicle on Fort Rucker and to any person while operating a military, government, or rental vehicle under official orders while off post. These prohibitions apply only to the driver of the vehicle and not to any passenger.

(3) Vehicle Operators without a hands-free cell phone or MPED. Prior to answering a phone call or making a call, vehicle operators without a hands-free capable cell phone or MPED are required to safely exit the roadway into a safe area, i.e. a paved parking lot or other similar hardstand area, away from the flow of traffic, come to a complete stop, and place their vehicle in park, before they use a cell phone or other similar MPED. Once safely parked personnel can use the flash or redial capability on their phone or MPED to answer any missed calls. Personnel will not stop or park on the shoulder of any roadway or seeded/grassed area to use their phone or MPED. This avoids creating a potential safety hazard to other vehicles in the traffic flow, the destruction of seeded or grassed areas, running over debris, getting stuck, etc.

(4) Vehicle Operators with hands-free cell phone or MPEDs. Although personnel with hands-free phones or MPEDs are not required to stop their vehicles to use their phone, they should use extreme caution when driving and using their phone and remember their primary responsibility remains the safe operation of their vehicle. When dialing, operators should use speed dial as much as possible if their phone is so equipped. If there are passengers in the vehicle the driver should let the passenger use the phone. Drivers using a hands-free MPED are strongly encouraged to safely park prior to using an MPED as much as possible to avoid causing accidents.

(5) Individuals who violate this prohibition, including but not limited to military, civilian, family members, and visitors, may be subject to monetary fines in U. S. Magistrate Court, administrative actions to include suspension or revocation of post driving privileges, and removal from and/or denial of reentry onto Fort Rucker. Active duty military personnel may be punished under the Uniform Code of Military Justice and/or adverse administrative actions. DoD civilian employees may also be subject to disciplinary and/or administrative action by their commanders or supervisors as appropriate.

f. No person shall impede his/her hearing by wearing headphones/earphones while operating a motor vehicle, motorcycle, or bicycle, except for operation of tactical vehicles which require such devices for safety or hearing protection or while using a hands-free cell phone or MPED.

g. No person shall drive a vehicle while holding a pet. Pets transported in the passenger compartment will be restrained either by a leash or cage to prevent the pet from obstructing the driver's view or impeding the driver's ability to safely operate the vehicle.

h. Other Distractions. Vehicle operators should avoid creating other potential hazards to their driving such as eating, drinking, adjusting their radio or CD player, etc. Whenever possible this should only be done when the vehicle is safely parked.

3-15. **USE OF RESTRAINT SYSTEMS.**

    a. Seat Belts.

        (1) The wearing of seat belts by all occupants of Army tactical, nontactical, and POVs operated on Fort Rucker is mandatory when so equipped. This requirement applies to the driver/operator and all passengers or occupants in the front, rear, passenger compartment, and jump seats when so equipped.

        (2) Safety straps provided by the Army vehicle manufacturer will be worn by the driver/operator and all occupants of such vehicles.

        (3) POVs will, as a minimum, be equipped with safety belts as required by the federal regulations that require installation of such devices on vehicles manufactured after 1966.

    b. Child Restraint System. Child restraint systems, such as car seats, will be used for all children who are under the age of 6 years when riding in any vehicle on Fort Rucker. With respect to a child who is either 4 or 5 years of age, the term "child restraint system" shall be deemed to include seat belts. All child restraint systems or car seats used on Fort Rucker will be constructed to standards approved by the Department of Transportation. A rear-facing child seat will not be placed in the front seat of a vehicle while riding on the installation unless the airbag system for that seat is disabled.

3-16. **PEDESTRIAN'S OBEDIENCE TO TRAFFIC CONTROL DEVICES AND TRAFFIC REGULATIONS.**

    a. Pedestrians shall obey the instructions of any official traffic control device specifically applicable to him/her unless otherwise directed by enforcement personnel. Pedestrians at all other places are subject to the restrictions stated in this regulation.

    b. Individual Joggers. Maximum use will be made of sidewalks and bicycle/jogging paths for individual or small group jogging. Small groups are defined as 4 -12 persons. Small groups will run on the left side of the road in single file.

        (1) Where sidewalks or bicycle/jogging paths are not available, joggers will jog on the left side of the roadway, in single file, facing oncoming traffic, and will yield to vehicular traffic except at authorized crosswalks. Joggers will use caution and should slow to a walk before crossing roadways or crosswalks to allow vehicle operators time to react and slow down or stop.

        (2) A minimum of 100 square inches of reflective material, distributed front and back, will be worn on the outer garment during hours of darkness or reduced visibility when jogging on streets and roads, paved or unpaved, where vehicles have access.

        (3) Runners will not create a safety hazard, e.g. running on Third Avenue during peak traffic, or running during the hours of limited visibility without reflective equipment. Individual and small group joggers are prohibited from jogging on the streets and roads listed in appendix C.

        (4) Runners with animals are prohibited from using the running tracks during hours of scheduled physical training. When running with animals, the animals must remain on a leash at all times.

    c. Troop Formations. Motor vehicle operators must always be alert for troop formations which may be encountered on Fort Rucker roadways at any time, day or night.

        (1) All troop formations, defined as 13 or more persons, will have at a minimum one road guard at the front and one road guard at the rear for singular formations and two or more when formations exceed

two or more abreast. Road guards will be equipped with reflector-type vests, both night and day, in order to enhance the visibility and the safety of Soldiers. Flashlights or other illumination devices are required during hours of darkness.

    (2) Personnel responsible for the activities of troop formations will ensure the formations do not run on the streets/roadways listed at appendix C.

    d. Headphones/Earphones. The wearing of headphones or earphones by any pedestrian, jogger, skateboarder, roller/inline skater, etc., is prohibited on roadways or shoulders of roadways. However, these devices may be worn when the activity is conducted on designated running paths.

3-17 **CROSSWALKS**.

    a. When any vehicle approaches any crosswalk on Fort Rucker which is occupied by a pedestrian, the vehicle shall reduce its speed or come to a complete stop as is required in order to allow the pedestrian to safely cross the roadway.

    b. No pedestrian shall enter a crosswalk in such a manner as to cause a vehicle to come to an abrupt stop, swerve, or take any other evasive action in order to avoid a collision with the pedestrian.

    c. No pedestrian shall cross any intersection by walking diagonally across the intersection.

    d. All pedestrians crossing roadways at areas other than crosswalks shall yield the right-of-way to all oncoming vehicles that may be in conflict with the safe crossing of the roadway.

3-18. **SOLICITATION OF RIDES (HITCHHIKING)**. No person shall stand in a roadway or along the sides or edges of any roadways for the purpose of soliciting a ride.

3-19. **ACCIDENT REPORTING**.

    a. The driver of any vehicle involved in any accident resulting in the injury or death of any person or the damage to any property shall immediately notify the Military Police at (334) 255-2222 by the quickest means of communication.

    b. In the event the driver of a vehicle is physically incapable of giving immediate notice of an accident, as required by this regulation, and another occupant in the vehicle at the time of the accident is capable of doing so, then the other passenger or occupant of the vehicle shall notify, or shall cause notice to be given, by the most expedient means available to the Military Police at (334) 255-2222.

    c. The driver of any vehicle who hits, kills, or injures an animal such as a deer, fox, dog, or similar size animal within the limits of Fort Rucker will stop at the scene and/or at once notify the Military Police at (334) 255-2222 or the Game Warden at (334) 255-4213 of the location of the animal. When requested, the operator of the vehicle will accompany the Military Police to the scene to help locate the animal for proper disposition.

3-20. **ACCIDENT INVOLVING DEATH OR PERSONAL INJURY**.

    a. The driver of any vehicle involved in any accident resulting in the injury or death of any person shall immediately stop his/her vehicle at the scene of such accident or as close to the scene as possible and return to the scene.

    b. If medical attention is not required, the driver shall return to and remain at the scene of the accident, until he/she has fulfilled the requirements of paragraph 3-19 above. Every such stop shall be made without obstructing traffic any more than necessary.

    c. The Garrison Commander may revoke the Fort Rucker driving privileges of any person failing to comply with the provisions of this paragraph.

3-21. **ACCIDENT INVOLVING DAMAGE TO VEHICLE OR PROPERTY.**

    a. The driver of any vehicle involved in any accident resulting in damage to any vehicle or other property which is attended by any person shall--

        (1) Come to an immediate stop at the scene of the accident or as close to the scene as possible. The stop shall be made without obstructing traffic any more than necessary.

        (2) Remain at the scene until he/she has given his/her name, address, and the registration number of the vehicle he/she is driving to law enforcement personnel and others desiring such information, such as person(s) injured in the accident, the driver of the other vehicle, and occupants of or individual(s) attending any vehicle or property damaged in the accident.

        (3) Show his/her driver's license upon request of law enforcement personnel.

    b. Any person failing to stop or comply with the requirements of this paragraph may have his/her Fort Rucker driving privileges suspended for a period of 6 months.

3-22. **DUTY UPON STRIKING UNATTENDED VEHICLE OR PROPERTY.** The driver of any vehicle which collides with any unattended vehicle or property shall immediately stop and ensure that the Military Police at (334) 255-2222 are notified. The driver shall then remain at the scene of the accident until released by law enforcement personnel.

3-23. **PENALTY FOR GIVING FALSE INFORMATION.**

    a. No person shall give information required by this chapter in an oral or written report knowing or having reason to believe that such information is false.

    b. The Garrison Commander may suspend the Fort Rucker driving privileges upon adjudication of any person convicted of failing to report an accident as herein provided, or of any person who knowingly gives false information.

3-24. **BICYCLE/NON-MOTORIZED SCOOTERS/SKATEBOARDS/ROLLER BLADES.**

    a. General. Every person riding a bicycle on the roadways of Fort Rucker shall be granted the same rights of the road given to drivers of vehicles. However, persons riding bicycles shall comply with the provisions of this regulation, where applicable, and barring special exceptions.

        (1) A person riding a bicycle shall ride on a permanent and regular seat attached to the bicycle.

        (2) No bicycle shall carry more persons than the number for which it was designed and equipped.

        (3) Children may ride as a passenger on a bicycle when a child seat is affixed to the bicycle. (The rider of a bicycle carrying a child will have the child wear an approved bicycle helmet.)

        (4) No person shall operate or use any bicycle, roller skates, coaster, skateboard, sled, or any other toy vehicle in such a manner as to interfere with the normal flow of vehicle and/or pedestrian traffic.

        (5) The use of headphones or earphones while operating a bicycle, roller skates, coaster, skateboard, sled, or any other toy vehicle on Fort Rucker roads, streets, or trails is prohibited.

(6) Every person operating a bicycle on a Fort Rucker roadway shall ride as near to the right side of the roadway as is practicable, in single file when riding with other bicyclists, and shall exercise due care when passing a standing vehicle or one proceeding in the same direction.

(7) No person operating a bicycle on Fort Rucker shall carry any packages, bundles, bags, or any other articles which prevent the operator from keeping at least one hand on the handlebars.

(8) No person riding on any bicycle, coaster, roller skates, roller blades, skateboard, sled, or toy vehicle shall attach the same or himself/herself to any other vehicle.

b. Safety Requirements. Minimum safety requirements are as follows:

(1) Persons on bicycles, non-motorized scooters, skateboards, and roller blades will wear approved bicycle helmets. In addition, persons riding skateboards, non-motorized scooters, and roller blades will wear protective elbow and knee pads.

(2) Any person riding a bicycle will wear bright colored clothing as an outer garment in the daylight hours and a reflector-type vest, jacket, or other appropriate garment in hours of limited visibility.

(3) When ridden at night, every bicycle and non-motorized scooter will be equipped with a lamp on the front which emits a white light visible from a distance of at least 500 feet to the front, and a red reflector on the rear.

(4) When ridden at night, every bicycle will have reflectors or reflector-type material placed in such a manner on the bicycle so that the headlights of motor vehicles approaching from any direction will reflect thereon.

(5) Every bicycle will be equipped with a brake which will enable the operator to make the braked wheel skid on dry, level, clean pavement. Any bicycle equipped with a rear handbrake as the primary braking system will also be equipped with a front handbrake.

(6) Bicycle riders and individuals riding on non-motorized scooters are encouraged to wear the protective equipment listed for motorcycles in paragraph 3-25b.

3-25. **MOTORCYCLE OPERATIONS.** Every two-wheeled motor propelled vehicle, gasoline or electric (hereafter motorcycle) shall be granted the same rights of the road given to other vehicles. All operators of motorcycles on Fort Rucker will complete or will have completed an Army approved Motorcycle Safety Course. Soldiers will complete an Army approved Motorcycle Safety Course prior to operating a motorcycle on or off the installation. The Fort Rucker Motorcycle Safety Course will be conducted under the provision of AR 385-55, Prevention of Motor Vehicle Accidents, and DOD Instruction 6055.4.

a. Motorcycle Safety Course will include the following:

(1) An appropriate Motorcycle Safety Foundation (MSF) or MSF-based state-approved curriculum taught by certified or licensed instructors.

(2) The course will consist of classroom instruction, hands-on training, and the successful completion of a hands-on (performance based) and a written (knowledge based) evaluation.

(3) A MSF course completion card/certificate.

b. No person shall operate a motorcycle on Fort Rucker unless he/she is in complete compliance with the following safety/equipment guidelines:

    (1) A MSF course completion card/certificate must be in possession of the operator whenever riding a motorcycle on Fort Rucker. Failure to produce one of these documents, if stopped by law enforcement personnel, may result in a citation being issued.

    (2) Motorcycles must have headlights turned on at all times when in operation.

    (3) All motorcycles operated on Fort Rucker must have two rearview mirrors (one mirror on each side).

  c. The following personal protective equipment (PPE) is mandatory while operating, or riding as a passenger, on a motorcycle on or off Fort Rucker. Failure to wear the PPE or comply with licensing or operator training requirements may be considered in making line-of-duty determinations, if the injury results from non-use or noncompliance of PPE.

    (1) Soldiers will wear an approved helmet. The helmet will be properly fastened (under the chin) and be certified to meet DOT standards as described in Appendix D. Civilians will comply with the same helmet requirement specified for *Soldiers* when operating or riding a motorcycle on Fort Rucker or while on government business off Fort Rucker. Personnel are highly encouraged to purchase a full face helmet with face shield. A full face helmet offers much better protection than any other type helmet and protects the entire head of the rider. Besides protecting a riders face during an accident, the face shield reduces wind noise and wind blast to the face, deflects road debris, i.e. rocks, metal, bugs, etc. and contributes to overall rider comfort from changing weather conditions and helps reduce rider fatigue.

    (2) Full-fingered gloves or mittens designed for use on a motorcycle, long trousers, and long-sleeved shirt or jacket. Riders are highly encouraged to purchase leather riding apparel as it provides much more protection to the riders skin than normal clothing if the rider is involved in an accident.

    (3) As a minimum motorcycle operators and passengers will wear a brightly colored reflective-type belt (as normally used by soldiers during PT), during either day or night time driving. Motorcycle operators are highly encouraged to wear a full size reflective vest as it makes them much more visible to other vehicle operators. Either a reflective belt, a reflective vest/jacket, or a jacket with reflective material meets requirements. When the belt is worn, it will be worn diagonally across the upper body and over the shoulder or over any backpack worn by the operator.

    (4) Leather boots or over-the-ankle leather hard sole shoes.

    (5) Proper eye protection whenever and wherever they operate or ride a motorcycle. Proper eye protection is defined as impact or shatter resistant goggles, or a full face shield properly attached to the helmet. A motorcycle windshield or a clear-looking vinyl or plastic windbreaker is not considered proper eye protection.

  d. Company commanders are responsible for maintaining training records for Soldiers, indicating completion of the Motorcycle Safety Course. Commanders will conduct an initial inspection of their personnel prior to any rider operating a motorcycle followed by periodic inspections to ensure motorcycle riders are wearing proper personal protective equipment. As a minimum these inspections will coincide with holiday safety POV inspections.

  e. Any operator who fails to comply with Fort Rucker Regulation 190-5, paragraphs 3-25b and c, may have their motorcycle driving privileges suspended on post for not less than 3 months for failing to have all required motorcycle rider's safety equipment and/or failure to attend an Army approved Motorcycle Safety Course, IAW Fort Rucker Regulation 190-5, paragraphs 2-6a and 2-6b.

3-26. **RECREATIONAL AND OFF-ROAD VEHICLES.** As stated in Fort Rucker Regulation 215-1, Hunting, Fishing, Water Safety, and Trapping, licensed motor vehicles are limited to operation on paved roads, gravel roads, and maintained dirt roads. Unlicensed off-road vehicles, trail bikes, go-carts, motorized scooters, and all-terrain vehicles are prohibited from use on Fort Rucker. Law enforcement and other official agencies, and properly registered handicapped hunters are excluded.

3-27. **REQUIRED EQUIPMENT FOR VEHICLE OPERATION.**

    a. All motor vehicles operating on Fort Rucker will be equipped with the minimum equipment as intended by the vehicle manufacturer. All safety equipment provided on the vehicle by the manufacturer is required to be in operational condition.

    b. All persons operating a motor vehicle on Fort Rucker will turn on their headlights when the vehicle's windshield wipers are in use.

3-28. **VEHICLES IN UNSAFE CONDITION.** No person shall drive or move on any roadway on Fort Rucker any motor vehicle, trailer, motorcycle, or combination thereof unless the vehicle's equipment is in good working order and equipped as required by this chapter, and unless the vehicle is in such safe mechanical condition as not to endanger the driver, other occupant, or any person or property. Examples of unsafe vehicles are vehicles with broken glass, jagged metal, extensively defective exhaust systems, seats not secured or with broken back supports, vehicles with class 3 leaks, or any other items or defects that could seriously affect the safe operation of the vehicle or add to the possibility of injury in the event of a traffic accident.

3-29. **INSPECTION OF VEHICLES.**

    a. All vehicles operated on Fort Rucker may be inspected at any time by law enforcement personnel or by security guard personnel at access control points (ACPs). Drivers may be stopped by law enforcement personnel when reasonable cause exists to believe that a vehicle is unsafe or not equipped as required by law or that the vehicle's equipment is not in proper adjustment or repair.

    b. In the event a vehicle is found to be in an unsafe condition or any required part or equipment is not present or in proper repair and adjustment, law enforcement personnel shall give a citation to the driver using either a DD Form 1805 (United States District Court Violation Notice), or a DD Form 1408 (Armed Forces Traffic Ticket). Issuance of citation requires the owner to place the vehicle in safe condition, and its equipment in proper repair, and adjustment as soon as practical, and shall require that the vehicle be re-inspected at the Fort Rucker Military Police desk within 3 working days.

    c. In the event any vehicle is, in the reasonable judgment of law enforcement personnel, in such poor condition that further operation would be hazardous, law enforcement personnel may require that the vehicle not be operated under its own power (towed), or that it be driven to the nearest garage or other place of safety.

    d. Every owner or driver shall comply with the notice given by law enforcement personnel. The vehicle shall not be operated on the roadways of Fort Rucker until such time that the deficiencies noted have been corrected.

    e. Units, conducting POV inspections, should ensure that all necessary deficiencies are corrected prior to allowing Soldiers to operate vehicle.

3-30. **DISPLAY OF STATE LICENSE PLATES.**

    a. All vehicles subject to the requirements of this regulation will display the minimum number of

license plates as prescribed by their state law.

   b. No vehicle will display a license plate, or replicas of a license plate, from more than one jurisdiction. All license plates will be mounted on the vehicle utilizing bolts or screws.

   c. License plates will not be covered with any clear material or tinting that obscures or otherwise prevents the visual viewing of the plate.

3-31. **PLAYING OF AUDIO DEVICES (RADIO, CASSETTE, TAPE PLAYER).** No person shall play an audio device in a vehicle or play a portable audio device being carried in a vehicle where the sound of said equipment can be heard at a distance of 25 feet.

3-32. **TRANSPORT OF PRIVATELY OWNED FIREARMS IN A POV.**

   a. All privately owned firearms must be registered and used on post IAW USAAVNC Regulation 600-1, Prohibited and Regulated Conduct, and Fort Rucker Regulation 215-1.

   b. Properly registered privately owned firearms may be transported only when traveling to or from a bona- fide hunting or sporting activity authorized by Fort Rucker Regulation 215-1, or for authorized storage in unit arms rooms or quarters. Firearms must be transported unloaded in the trunk of the vehicle. The only exception to this provision is a vehicle without a trunk. In these circumstances, firearms must be transported unloaded, either in a locked compartment, or cased and in plain view.

   c. Alabama laws that permit carrying a concealed firearm do not permit individuals to carry such a firearm in a concealed manner on Fort Rucker or its satellite installations. Federal, state, and local law enforcement officers may carry a privately owned or agency issued firearm on their person or in their vehicle while engaged in official or military-related duties.

   d. Upon positive identification, all state sworn law enforcement officers are authorized to transport a POW on/through Fort Rucker.

   e. Transporting privately owned firearms on motorcycles is authorized if the firearm is secured in a separate lockable container from ammunition, i.e., saddlebag or lockable fairing container.